T.C. Summary Opinion 2004-95

UNITED STATES TAX COURT

KEITH A. BRETTIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12652-02S.                Filed July 26, 2004.

<u>Roy Michael Roush</u>, for petitioner.

<u>Angela J. Kennedy</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2000 a deficiency in Keith A. Brettin's Federal income tax of $3,015. After concessions,[1] the issue for decision is whether petitioner is entitled to a dependency exemption deduction with respect to a child from his former marriage.

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Knox, Indiana.

## Background

Petitioner was divorced from Mrs. Debra Brettin (Mrs. Brettin) during 1991. The Brettins had one child during their marriage, Keith Brettin II, who was born on August 14, 1989. In their settlement agreement (agreement), which was to be incorporated into their final decree of divorce, Mrs. Brettin was granted sole custody of their child, with petitioner having visitation rights. The agreement also stated that petitioner would be entitled to claim State and Federal dependency exemption

---

[1]Petitioner concedes that his proper filing status is single, not head of household. Additionally, if the Court holds that petitioner is not entitled to claim the dependency exemption deduction for his son, petitioner concedes that he is not entitled to claim the child tax credit. If the Court holds that petitioner is entitled to claim the dependency exemption deduction for his son, respondent concedes that petitioner is entitled to claim the child tax credit.

deductions for their son, and required Mrs. Brettin to sign a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, annually.[2] The agreement did not contain the child's name or the Social Security number of either petitioner or Mrs. Brettin.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2000. On that return, he claimed a dependency exemption deduction for his son. Mrs. Brettin did not sign a Form 8332 or a statement conforming to the substance of Form 8332, and petitioner did not attach such documentation to his Form 1040.

When petitioner attempted to electronically file his tax return for 2000, he was notified that respondent had received two or more 1998 Federal individual income tax returns using the same Social Security number to claim a tax benefit. In a notice of deficiency dated May 6, 2002, respondent disallowed the dependency exemption deduction, and the child tax credit petitioner claimed.

## Discussion

The Commissioner's determinations in a notice of deficiency are presumed correct, and generally, taxpayers bear the burden of

---

[2]In the original draft of the agreement, petitioner and Mrs. Brettin had agreed that Mrs. Brettin would sign Forms 8332 "for all future years". That language was changed to "on a yearly basis".

proving that the Commissioner's determination of income tax deficiencies is incorrect. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Under section 7491, the burden of proof with respect to factual issues relevant to ascertaining the tax liability of the taxpayer may shift to the Commissioner in certain circumstances. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440-441 (2001). The issues in this case are questions of law, and the Court decides the issues without regard to the burden of proof.

There is no dispute that petitioner's child is a "dependent" as defined in section 152 and the child received, during the year at issue, over half of his support from his parents. The issue here is which parent is entitled to the dependency exemption deduction.

Where the parents are divorced and a child is in the custody of one or both parents for more than one-half of the calendar year, section 152(e)(1) allows the dependency exemption deduction to the "custodial parent". Section 1.152-4(b), Income Tax Regs., provides generally that the custodial parent is determined by the most recent decree of divorce in effect between the parties. In this case, there is no dispute that Mrs. Brettin was the custodial parent for their son. The noncustodial parent, however, is allowed a dependency exemption deduction under section 152(e)(2) if the custodial parent signs a written

declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's income tax return for the taxable year.

Petitioner acknowledges that he never obtained from Mrs. Brettin a completed Form 8332.  However, petitioner contends that their agreement is a written declaration that is substantially the equivalent of a Form 8332.

The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332.  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). The exemption may be released for a single year, for a number of specified years, or for all future years "as specified in the declaration."  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Form 8332 requires a taxpayer to agree not to claim a dependency exemption and to furnish:  (1) The name of the child for whom exemption claims are released, (2) the years for which the claims are released, (3) the signature of the custodial parent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption.  Miller v. Commissioner, 114 T.C. 184, 190 (2000).

The agreement between petitioner and Mrs. Brettin does not contain their son's name or the Social Security number of either parent. Most importantly, it does not contain the signature of Mrs. Brettin, signifying her agreement not to claim their son as a dependent. See id. at 191-194. She apparently did claim him as a dependent on her return for 2000. See White v. Commissioner, T.C. Memo. 1996-438. The agreement fails to qualify as a written declaration that conforms to the substance of Form 8332.

Because petitioner, the noncustodial parent, did not meet the requirements of the Federal income tax statute, he simply does not come within the exception provided for in section 152(e)(2). Accordingly, the Court holds that petitioner is not entitled to a dependency exemption deduction for his son for 2000.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.